## SUPREME COURT.

HENRY A. SMYTHE, and others agt. WILLIAM GRAYDON, and others.

The *consideration* in a *composition deed* for the benefit of creditors, proceeds and is founded upon, the *agreement* of the different creditors between themselves upon the terms proposed. This agreement forms the mutual obligation by which all are bound.

Where the composition deed stated that the average time of payment of the debts should be twelve months from April 1st (next), 1862, with a subsequent provision that if the debtors should find it necessary to make an assignment, and should secure the payment of the said amount (50 per cent.) of such debts, either by preference in such assignment (after confidential debts) or by turning out property or collaterals to secure the same, and if by such means the creditors should eventually receive payment to the extent of said fifty per cent., then and without regard to the time above limited, such payment should be in full discharge of their respective debts:

*Held*, that an action by a portion of the composition creditors against the debtors for the whole amount of their claims, brought *within the average time* mentioned in the composition deed, was prematurely brought, although an assign-

ment by the debtors had been made, and the creditors had been preferred therein in the second class. The plaintiffs were bound to wait the average time irrespective of the questions which arose in connection with the assignment subsequently made. (SUTHERLAND, *J. dissenting*. *See Smythe* agt. *Graydon, ante, p.* 11.)

*New York General Term, February,* 1865. *Case No.* 2.

THIS action was brought to recover the amount of four promissory notes, amounting together to $4,007.94, and the same are correctly described in the complaint. The action was commenced by the service of a summons and complaint on the defendants above named, on the 28th March, 1862. The other defendants were not served, and did not appear.

The action was tried by and before Hon. T. W. CLERKE, Justice of this court, on the 23d March, 1863, without a a jury. The plaintiffs, after proving the amount due upon the notes in the complaint rested, and the defendants introduced an assignment which was read in evidence. It was a general assignment duly executed and delivered on the 7th May, 1861, by the firm of Graydon, McCreery & Co., defendants, to John C. Martin and John W. Graydon, transferring all their property to said assignees, in trust for the benefit of their creditors. The plaintiffs, Smythe, Sprague & Cooper, were preferred therein, in the second class.

The compromise agreement was then read in evidence : " The undersigned creditors of the firm of Graydon, McCreery & Co., in consideration of these presents, and of one dollar to each of us paid, do mutually agree to accept in satisfaction of our demands against that firm, fifty per cent. of the amount thereof, to be paid at the average time of twelve months (say in six, nine, twelve, fifteen and eighteen months, or dates equivalent thereto) from the first day of April next. That all notes which we now hold or control against them shall be deposited in the hands of William Watt, Esq., to remain until the said fifty per cent. shall have been paid, and then to be surrendered

Smythe agt. Graydon.

to Graydon, McCreery & Co. It is provided, however, that if the said Graydon, McCreery & Co. shall find it necessary to make an assignment or other general disposition of their property, and shall secure the payment of said fifty per cent. of our debts, either by preference in such assignment (after confidential debts), or by turning out property or collaterals, to secure the same ; and if by such means we shall eventually receive payment to extent of said fifty per cent., then, and without regard to the time above limited, such payment shall be in full discharge of our respective debts. Dated at New York, March 7, 1861.

"Witness our hands and seals."

The compromise was signed by other creditors for large amounts.

The defendants then introduced testimony tending to show that all the preferred creditors would eventually get their money, including Smythe, Sprague & Cooper.

The evidence being closed, the justice made his report in writing, and therein found the following facts : That by deed dated March 7, 1861, executed by the plaintiffs, and a large number of the creditors of the defendants, under their respective hands and seals, such creditors, including the plaintiffs, mutually agreed to accept in satisfaction of their demands against the defendants, fifty per cent. of the amount thereof, to be paid at the average time of twelve months from April 1, 1861. By such deed it was further provided as follows : "That all notes which we (the plaintiffs and other creditors who subscribed) now hold or control against them (meaning defendants), shall be deposited in the hands of Wm. Watt, Esq., to remain until the said fifty per cent. shall have been paid, and then to be surrendered to Graydon, McCreery & Co (the defendants). It is provided, however, that if the said Graydon, McCreery & Co. shall find it necessary to make an assignment or other general disposition of their property, and shall secure the payment of said fifty per cent. of our

debts, either by preference in such assignment, after confidential debts, or by turning out property or collaterals to secure the same, and if by such means we shall eventually receive payment to the extent of said fifty per cent., then, and without regard to the time above limited, such payment shall be in full discharge of our respective demands." And at the time they executed such deed, the plaintiffs were creditors of the defendants, by reason of the notes mentioned in the complaint, and of other notes of the defendants, owned by the plaintiffs, to a considerably larger amount.

The defendants did find it necessary to, and on or about May 7, 1861, did make a general assignment, bearing date on that day, in and by which they preferred the plaintiffs for the said fifty per cent. of the entire amount of their demands against the defendants, including the notes in suit, precisely in the manner provided in the composition deed. It did not appear that the plaintiffs would not eventually receive full payment of such preference. On the contrary, the evidence tended to show that it would eventually be fully paid. The plaintiffs instead of depositing the notes in suit with Mr. Watt, brought this action upon them. And the said justice found as a conclusion of law, from the said alleged facts, that the defendants are entitled to judgment dismissing the plaintiffs' complaint, with costs. Judgment was accordingly duly entered in said action in pursuance of said decision, on the 17th of June, 1863, with the clerk of the city and county of New York, with costs against said plaintiffs for $170.47.

The said justice thereupon delivered the following opinion:

CLERKE, J. I think it was incumbent on the plaintiffs to show satisfactorily that they could not *eventually* receive payment under the assignment to the extent of fifty per cent. of their claim. They agreed by the compromise of March 7th, 1861, to accept this proportion of their

Smythe agt. Graydon.

demand in full satisfaction, and if the defendants should find it necessary to make an assignment, and should secure the payment of the said fifty per cent. by preference in such assignment (after confidential debts), and if by such means the plaintiffs should *eventually* receive payment of the same, such payment should be in full discharge of their demands. On the 7th day of May, 1861, the defendants found it necessary to make an assignment, and preferred the plaintiffs precisely in the manner stated in the compromise. They have not yet indeed received their fifty per cent., but there have been many difficulties in the way of the assignees to prevent the realization of the assets, and I cannot undertake to decide that the plaintiffs will not *eventually* receive this amount. No proof was offered to induce the probability of such a result, but on the contrary, the defendants adduced proofs tending to show a different result. I cannot, therefore, give judgment for the plaintiffs. I will dismiss the complaint with costs, making my decision equivalent to a mere nonsuit, so that if the plaintiffs at any future period can show that they cannot eventually receive the fifty per cent., they may be able to commence another action.

And the plaintiffs now, within the time allowed by law for that purpose, duly except to so much of the decision of said justice as finds as matters of fact,—

1. That the defendants did find it necessary to make the general assignment mentioned in the answer.

2. That in and by the said assignment the defendants preferred the plaintiffs for fifty per cent. of the entire amount of their demands against the defendants, including the notes in suit, in the manner provided in the compromise deed.

3. That it did not appear the plaintiffs would not eventually receive full payment of the preference to them. And,—

4. That the evidence tended to show that the preference would be fully paid.

The said plaintiffs further. except to so much of said decision of said justice as finds as matter of law that the defendants are entitled to judgment dismissing the plaintiffs' complaint with costs.

TIMOTHY CRONIN, *for appellants.*

*First.* The composition deed set up in the answer is void. (*See printed points in case No.* 1, *of Smythe and others* agt. *Graydon and others, ante, p.* 11.)

*Second.* The exception at folio 35 of the case is well taken.

1. The prospect of the eventual payment of the plaintiffs' preference was immaterial, for the reasons stated in the printed points in case No. 1. The objection, however, was overruled, and the defendant gave his definition of eventual payment as follows : Q. " What do you mean by ' eventually ?' " A. " Sometime." Q. " Within what length of time ?" A. " That I cannot tell ; it depends upon things that I cannot even guess at." And upon the sole evidence of this witness, the circuit judge comes to the conclusion that the debt would eventually be fully paid. When learned judges come to such conclusions, juries have their value.

2. The opinion of the witness as to the prospect of the payment of the plaintiffs' indebtedness was improperly admitted (*Morehouse* agt. *Matthews,* 2 *Com.* 514). It is upon the sole opinion of this witness that the learned justice finds evidence tending to prove that the plaintiffs may be paid.

*Third.* The justice erred in finding that the plaintiffs were preferred by the defendants for fifty per cent. in the manner provided for in the deed. (*See point third, subdi-*

*vision two, in the printed points in case No.* 1, *cited ante, p.* 11.)

*Fourth.* The justice erred in granting a nonsuit and dismissing the complaint.

1. The burden of proof did not rest upon the plaintiffs to show that the notes would not eventually be paid. Mr. Justice LEONARD so held upon the trial of case No. 1, and directed the defendants to show that the deed would become operative and secure the plaintiff's debt eventually, and the defendants themselves claimed to hold the affirmative, evidently fearing the ruling of the circuit judge in their favor upon the first trial. It is submitted with the highest respect for the learned justice who tried and decided this action, that to hold that the *onus* rests upon the plaintiffs, is quite beyond principle and precedent. The deed was made for defendants' benefit, and by all the rules of construction found in the books, it is to be construed most strongly against them. The deed being one of compromise, they must show its certain performance. To compel the plaintiffs to show that no eventual payment will be made, is to compel them to prove a negative. The *onus* lies with the defendants, as Judge LEONARD correctly held upon the trial before him, and as defendants then claimed. (*Cowen & Hill's Notes, part* 1, 643; *Gray* agt. *Garden,* 17 *Mass R.* 188; *Thompson* agt. *Wood,* 1 *Hilton,* 93; *Costigan* agt. *The Mohawk & H. R. R. Co.* 2 *Denio,* 608.) The defendants owe plaintiffs a just debt of nearly nine thousand dollars. With great consideration for an unfortunate debtor, they agree to compromise it for a payment of one-half. When they attempt to recover a portion of it, they are told you must show that you can never receive any money out of defendants' assets, before you can recover any part of your debt; true, the defendant owes you, but you must show that you can't be paid, before you can be paid.

2. Whether the plaintiffs' notes were deposited with Mr. Watt, made no difference in the rights of the plaintiffs, as

the fifty per cent. was to be a payment. No provision was made for tendering certain notes amounting to fifty per cent., and why they were tendered and became the subject of any evidence in this case, is quite as mysterious as the deception practiced by the terms of the composition deed. It was money, not worthless notes, that was to be delivered to Mr. Watt or the plaintiffs, and whenever the defendants conclude to pay their just debts, Mr. Watt will be found in possession of their notes due the plaintiffs. This attempt to pay in notes and not in money, shows the utter want of good faith in defendants, as they have never offered to pay any sum through Mr. Watt, though the terms of the credit expired eighteen months since.

3. The appellants appreciate that part of the opinion of Mr. Justice CLERKE, making his " decision equivalent to a mere nonsuit, so that if the plaintiffs at any future period can show that they cannot eventually receive the fifty cents, they may be able to commence another action." But the learned judge forgets that another action would not aid the plaintiffs in recovering, as they cannot prove a negative, as that the debt will not be eventually paid. To prove a negative or condition precedent of this character, lies quite beyond human foresight. (*See Willard's Eq. Juris.* 528.) The appellants did more than equity in compounding with the respondents. They were generous— and the rules of law and equity demand that they should be relieved of this utterly void instrument under which the defendants have never, and never will pay a farthing, for the same legal reasons that like instruments in restraint of marriage, or trade, or alienations, or uncertain descriptions and bequests, or conditions precedent, are held void. A new trial must be granted, if Judge LEONARD's views are to prevail, and the defendants held to the position claimed by them, and granted upon the trial of case No. 1.

INGRAHAM, P. J. The composition deed was a valid

instrument, founded on a good consideration, and, therefore, binding on the plaintiffs. The consideration in such deeds does not proceed from the debtor, nor from the other creditors who with the plaintiffs entered in its execution. The different creditors agree together to the terms proposed, and such agreement between themselves forms the mutual obligation by which all are bound. The average time of payment was twelve months after April, 1862. Until then, at least, the plaintiffs were bound to wait, irrespective of the questions which arise in connection with the assignment subsequently executed. This action on this account was premature. It becomes unnecessary to examine any other questions in this case.

Judgment affirmed, with costs.

CLERKE, J. I am in favor of an affirmance for the reasons specified by the judge who tried the cause, namely, that the defendants did precisely what was promised in the composition deed, and that the evidence tended to show that fifty per cent. would eventually be paid.

SUTHERLAND, J. I dissent.